# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD STEWART,<br><br>        Plaintiff,<br><br>   v.<br><br>CHRISTIANSON, et al.,<br><br>        Defendants. | Case No. 1:17-cv-00936-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 17)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Gerald Stewart ("Plaintiff") is a former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff was an inmate at the Stanislaus County Jail when this action was initiated on July 7, 2017. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 2, 2018, the Court issued a screening order granting Plaintiff leave to file an amended complaint within thirty (30) days. (ECF No. 17.) The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order

1

and for failure to state a claim. (Id. at 8.) Plaintiff's first amended complaint was due on or before June 4, 2018. Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

**II.     Failure to State a Claim**

    **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

    **B.     Plaintiff's Allegations**

Plaintiff was formerly housed in the Stanislaus County Jail where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Sheriff Adam Christianson; and (2) CFMG dba Correctional Medical Group.

In Claim I, Plaintiff alleges as follows:

> Medical staff would not clear me to use handie cap ADA shower even though I have a significantly restricted condition to preforming a major life activities. I suffer from disk degeneration and scoliosis of my spine. The medical staff and most staff considers a person disabled if your missing a limb. It took four months of complaints three peice kits and greviences to get access to the handie cap shower.

(ECF No. 12 at 3) (unedited text). Plaintiff asserted that it caused him great pain and suffering to have to stand while taking a shower without a seat and handrails to grab when his legs give out and he cannot stand. (Id.)

In Claim II, Plaintiff alleges as follows:

> Medical staff clearly states that I couldn't move to minumin housing because the didn't have the staff (LVN) on there AM or PM shift to monitor or administer me medication in minumin housing. They also stated my blood pressure was not stable enough to go to minimum housing even though out of twenty times the avarage was 130/83.

(Id. at 4) (unedited text). Plaintiff contends that he was denied programs and services due to lack of staff, but also alleges that he received relief after his medical hold was lifted.

In Claim III, Plaintiff alleges as follows:

> Even though I've submitted four medical kites have have been seen four times by medical staff no one has physical looked at my back, taken x-rays or did an MRI which are in my records. I am being told I have no need for a double matteress even though we are confined to our cells 19 hours a day. I cannot sit or stand for long periods of time without being in great pain. The medical staff tell me I have to be punished not to be comfortable. There are inmates here with cronos for a double matteress, but even though I have a degenerative back disorder and scolisis in my spine medical staff says I have no need for a double matteress.

(Id. at 5) (unedited text).

Plaintiff seeks injunctive relief, along with compensatory and punitive damages.

**C.     Discussion**

    **1.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

3

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is short, but is not a plain statement of his claims. At a minimum, Plaintiff's complaint fails to state what the named defendants did or did not do that resulted in a violation of his rights.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link Defendant Christianson or any other named defendant to a deprivation of his rights. Plaintiff may not refer generally to "medical staff," but must instead allege what each individual did or did not do that resulted in a violation of his rights.

### 3. Supervisory Liability

Insofar as Plaintiff is attempting to bring suit against Defendant Christianson based on his supervisory role as the sheriff, Plaintiff may not do so. Liability may not be imposed on

4

supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff must link Defendant Christianson either by direct conduct in the constitutional violation or by identifying a policy that was so deficient that the policy itself is a repudiation of Plaintiff's rights.

### 4. Medical Care

At the time of the alleged events, it is not clear whether Plaintiff was a pretrial detainee or serving a state court sentence.

The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. See Clouthier v. County of Contra Costa, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit extended the Kingsley rationale to a Fourteenth Amendment failure-to-protect claim. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1070–71 (9th Cir. 2016) (en banc). In Guerra v. Sweeny, 2016 WL 5404407 (E.D. Cal. 2016) (Ishii, J.), the court extended Castro to an untreated medical needs case. The court determined

5

that the elements of such a claim are: (1) The plaintiff made a request for medical care or the need for care was glaringly obvious; (2) The plaintiff had a serious medical need; (3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries. Id. at *3. Recently, in Scalia v. County of Kern, --- F. Supp. 3d ---, 2018 WL 1726616 (E.D. Cal. 2018) (O'Neill, C.J.), the court married Castro's test with the traditional test for deliberate indifference for untreated medical conditions. The court similarly determined that a plaintiff must show (1) a serious medical need, (2) a purposeful act or failure to respond to a prisoner's pain or possible medical need, even though a reasonable defendant in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (3) harm caused by the indifference. Id. at *5. The court also determined that the defendant's conduct "must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." Id. (citations and quotations omitted).

Regardless of the standard applied, Plaintiff fails to provide sufficient factual allegations to support a claim for inadequate medical care. There is no indication in Plaintiff's allegations that any individual defendant failed to provide him with treatment for his back or his high blood pressure. Instead, Plaintiff's allegations suggest that he was provided with medications, seen by medical staff and otherwise monitored. That Plaintiff may have believed a handicapped shower or double mattress was necessary is not sufficient. There is no indication that a likelihood of harm would have been obvious or that Plaintiff suffered any injuries.

### 5. Americans with Disabilities Act ("ADA") and Section 504

Plaintiff alleges a violation of Title II of the ADA and § 504 of the Rehabilitation Act. Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lowell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). However, Plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his or her individual capacity to vindicate rights created by Title II of the ADA or

section 504 of the Rehabilitation Act.  See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

Additionally, treatment, lack of treatment, or misdiagnosis will not support such a claim. The ADA (and section 504) prohibits discrimination because of disability, not inadequate treatment for disability.  Simmons, 609 F.3d at 1022; see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . .  The ADA does not create a remedy for medical malpractice.").  Inadequate treatment or lack of treatment for Plaintiff's medical condition does not in itself suffice to create liability under either the ADA or section 504.  Tandel v. Cty. of Sacramento, 2015 WL 1291377, at *18 (E.D. Cal. Mar. 20, 2015).  Thus, Plaintiff's complaint regarding treatment decisions, including the need for a special accommodation, such as a handicapped shower and double mattress are not sufficient.  Bryant, 84 F.3d at 249 ("No discrimination is alleged; Bryant was not treated worse because he was disabled.  His complaint is that he was not given special accommodation.")  Plaintiff also fails to state a cognizable claim based on allegations that he was not placed in minimum security housing.  As Plaintiff admits, he was on a medical hold and required treatment and monitoring not otherwise available in minimum security due to understaffing at the jail, not because of discrimination.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's May 2, 2018 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 17, p. 8.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further

unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 13, 2018**                    /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE